Chief Justice Robertson
delivered the Opinion of the. Court.
John A. Honors—having, in 1834, obtained a decree for $4,192 78i debt, and ‡314 80 costs, in the Bullitt Circuit Court, against John D. Colmesnil of Jéfí'erson county, and having failed to make any part of the sum by a fien facias, on which the. sheriff of Jefferson had returned that he could find no estate liable to execution— thereupon, in 1835, filed a bill in Chancery in the Jefferson Circuit Court, for subjecting equitable rights to real estate in Jefferson county, and divers dioses in action, all claimed as belonging to Colmesnil. After service of a subpoena on Colmesnil in Jefferson county, the case having been transferred to the Chancellor of the city of Louisville, he sustained a demurrer to the bill for supposed Want of jurisdiction in. the Jefferson Circuit. Courts and. *292 consequently in his own Court; and thereupon, for tha$ oause, dismissed it, without any decree for costs.
The ex’^n lavfr of ?28 provides, in §37, that upon a return, by the proper officer, of nulla bona, on a/¿./a. upon a Judg’t or decree, courts of ch’ry {shall have jurisdiction—and full power is given thejp—tp subjeqt the debtor's dioses in action & his equitable and legal interest in real estate, to the satisfactionofthe debt,—And-—
6ftKe'drf’t's^resi denee, a bill May countfinüTvkt ce judg’twas rendered, for a Sections 3S & 39 provide that, up;' on a like return on a fi. fa. on" ajudg’t, direct-discovery of effects, and. a decree be had, if necessary, to subject them to the debt, <le.
This writ of error being prosecuted to reverse that, decree, and the bill, as we think, containing allegations sufficient, prima facie, to entitle the complaining party to some relief in some Court of Equity—the question to be considered by this Court, is that of jurisdiction, qpon which the bill was dismissed.
This question, as novel as it is interesting, must be determined by a careful consideration,, as well of some statutory enactments peculiar to this Commonwealths as of the general principles and practice of Courts of Equity^
The only statutory provisions which operate materially on the point now to be considered, are those contained in the 37th, 38th and 39th sections of “an act to # . amend and reduce into one the Execution Laws of this State approved, February 12th 1828. (1 Stat. Law, 304-5-6.)
The 37th section provides, in substance, that, upon a return of nulla bona, in part or in whole, by “the proper officer,” on a fieri facias on a judgment or decree, “Courts “of Chancery shall have jurisdiction, upon bill filed, to “subject to the satisfaction of such judgment or de- “ cree—^any choses. ip action belonging to the debtor, “and also, any equitable or legal interest in any estate” to which he may be entitled, and also authorizes the Court to bring all propar. parties .before it, for perfecting and securing the right, and not only to render such decree as shall be just, but to compel any conveyance that may become necessary to any purchaser under the decree.^
The substance of the 38,th and 39th sections is, in effect, that, on a similar return on a fieri facias issued on a “judgment,” and directed to the county of the defendant's residence, a bill in Chancery may be filed, in the county in V^ioh “the judgment” was rendered, for a discovery of property, and also for a decree, if necessary, upon the 'discovery, for subjecting any chose in action of the defendant, or'his interest, equitable or legal, in any property *293 Within the commonwealth, and that, when relief is proper, the Court may proceed substantially as authorized by the 37th section.
Tho 37th section does not require the bill to he filed in the county where the judg’t or decree was ren dered; but leaves the selection of the court to he determined by the general rules The court which renders" the decroe(qnder either sec.) to subject property, is to enforce it.
A judg’t for ipo-. ney is a debt ,pf record (by the com. law:) an action on it, i$ not local.
According to the com. law,'a suit, to subject par-’ ticular property^ real or personal, to the payment of a debt, (like those under the above act) is proceeding in ren\ —which is, in general, local to. the jurisdiction where the proper ty is found. But, as a chose in ac tion is transitory, a suit to subject that to the satisfaction of a debt, is. not io-’. cal, but should be brought where’ the def’ts(or onq of them) may be served with pro-e!=ss.—And, where the object of risdiction over either, will draw either where the land lies, or vyhei a bill is to subject both land and choses after it the cognisance of the other, anc •e any defendant is found. in action, the juI the suit may be,
The 37th section certainly cannot be understood as requiring the bill to be filed in the Circuit Court of the county in which the decree was rendered, but leaves the question as to the proper court to be tested by the common law principles of jurisdiction.
it is evident that the 37th section—as well as the 38th and 39 th—intends that the Court which renders a decree subjecting property to the payment of a debt ascertained by judgment or decree, shall, itself, enforce its own decree. The provisions and phraseology to which we have referred, will not allow any reasonable doubt on that point.
According to the common law, a judgment for money is a debt evidenced by record, and an action upon it is not local, but is altogether personal and transitory, which may be brought wherever process can be served on the defendant, and cannot b,e maintained elsewhere, under ordinary circumstances, unless the defendant shall waive all objection to jurisdiction.
According to the common law7, also, such a proceeding as that authorized and prescribed by the statute of 1828, for pursuing and subjecting some particular estate, whether real or personal, is a suit in rent] and the general rule of law as to such suits, is that they are local and must he brought where the property sought may happen to be.
But, as a chose in action is transitory, and as also, either the thing, when to be specifically acted on by a Chancellor, or the person of the defendant, when the object of the suit is not local, will determine the. jurisdiction of the Court, a suit in Chancery to subject a chose in action, under the 37th section is transitory, and should, of course, be brought where the defendants or either of them may be served with process; and consequently, when, as in this case, both choses in action and land are *294 pursued, as jurisdiction over either may draw after it cognizance over the other, in order to prevent multiplicity and confusion, the bill might be maintained, either where the land lies, or wherever the defendant could be summoned.
The jurisdiction of a suit upon a judg’t, or of a suit in ch’ry to enforce a judg’t in personam, is determined by the person, ov thing. The court |hat renders a de creé, and no. other, can enforce it by' ex’n or attach ¿nent,' or entertain a bill to review or change the decree, or any other proceeding which is a mere continuation of the same guit.--But-No exclusive jurisdiction of a ^ew suit, founded upon a decree, results to the court that rendered it, fro ij/the fact that it was there rendered. The jurisdiction of, such a suit, depends—if it is in personam— upon finding a def’t in the jurisdiction; if inrerti, upon finding the thing there.
Hence, Colmesnil and his property both being in Jefferson, the Circuit Court of that county had jurisdiction, unless the fact that it was a decree, and not a judgment, which was the foundation of the suit, excepts this case from the general rule, or unless the statute of 1828 should be construed as having, as to this question, modified the doctrines of the common law.
There can be no doubt, upon common law principles, that, in a suit on a judgment, or in a suit in chancery to enforce a judgment in personam, the jurisdiction must be determined by the person or the thing; for not only is such a judgment transitory, but the court that rendered it has no equitable jurisdiction.
Is there in this particular, any essential difference between a judgment and a decree? Has the Chancellor who renders a decree for money any exclusive or peculiar jurisdiction over grn original bill for enforcing the payment of the amount decreed? We think not. He, and he only, has a right to enforce his own decree by execution or attachment. But the fact that he rendered the decree gives him no right to claim cognizance of a new suit founded on the decree, and not questioning its correctness or validity.
After the expiration of the term at which the decree was rendered, the parties are out of court, excepting for the purpose of execution. If either party desire to open or review the decree, he must apply to the Chancellor who rendered it, because no other court has power to open it, or entertain a bill of review for calling it in question and changing it. But the Court that rendered it having no peculiar power over it, except for the purpose of revising it, on a proper application for that purpose, or of enforcing it by execution or attachment, if the party who obtained it wish to bring a new suit upon it, or to file an original bill for subjecting property in dis.pharge of it, he must do so in'the Court which has ju *295 risdiction over the person or the thing. Such a suit is no part of the original suit; nor is it a continuation of that suit, any more than an action or bill on a judgment is a continuation of the suit in which the judgment was rendered. It is an original suit in every essential characteristic of such a suit. A bill, in such a case is not an amended bill, nor a supplemental bill, nor a bill of review or of revivor; but it is, as it is denominated by Milford, a bill in the nature of an original bill. Why then should the Judge who rendered the decree therefore have jurisdiction over such a bill? If his decree is to be enforced by final process, he alone can do it, because no other judge has authority to issue any such process upon it; if it is to be opened, or reviewed, or changed# or revived,Jiejalone can open, review, change, or revive it, because all these operate only as a continuation of the original suit, and the decree, for every such purpose# remains with him, and cannot, with any propriety or consistency, be subject to the power of any other tribunal. But when an original suit is brought upon it, such suit should be instituted just as if it were on a judgment, or a bond, or a mortgage; and the judge who hears and decides it, acts for himself and enforces his own decree.
The power of á court of ch’ry to change a decree upon bill of re-review &c. is not affected by the pendency of a suit upon the decree in another court: any change may be certified to, and have the proper effect in, the latter court.
supra) to the The 37fh section of the act of ’28 does not restrict the jurisdiction of the proceedings thereby authorized (vide supra) court in which the judgment or decree Was rendered; but leaves it to any court to which the jurisdiction may result, upon com. law principles, from the person, or thing, to be acted upon,
If the original decree should be changed, on a bill of review, during the pendency of a suit upon it in another court, that fact might be certified, so as to have as much effect as it could be entitled to in the court which rendered the decree; and the power to rehear and change on review does not affect the question of jurisdiction over an original bill for enforcing the decree, any more than the power to amend a judgment for misprison would operate on the question of jurisdiction over a suit Upon the judgment.
These views respecting jurisdiction, as tested by the general principles and analogies of the common law, are fortified by the language of the 37th section of the statute of 1828. That section declares—not that the court which rendered the judgment or decree, or any other *296 designated Court—but that “Courts of Equity” may éx* ecute the purposes of the enactment. Thus evidently leaving it to the common law to decide what particular Court of Equity shall, in any given case, have jurisdiction. And this would not, as we should presume, have been done had the Legislature intended that the bill should be filed only in the court which had rendered the decree sought to be enforced under the statute, or had it supposed that that Court would, necessai’ily, or as a matter of course, have exclusive jurisdiction. We must infer that the Legislature, in fact, intended that any Court of Equity having jurisdiction over the person or thing might take cognizance of any suit prescribed by the 37th section.
And this deduction is strengthened, rather than weakened, by the peculiar language used in the 38th and 39th sections, authorizing a bill of discovery for enforcing a judgment, to be filed in the Circuit Court of the county in which the judgment was rendered. The only inference which this Court is allowed to make from the-plain and essential discrepancy in the language of these several sections, is that a different idea was intended to be conveyed in each section; else why declare, in the 37th, that “Courts of Equity” should have jurisdiction, and in the 38th, designate & particular Court? Why, if the Circuit Court of the county in which the decree was rendered was intended or specially contemplated in the 37th section, were “ Courts''1 of Equity prescribed? Why,[ if the Circuit Court of the county in which the decree was rendered was that alone alluded to in the 37th section in the terms “ Courts of Equity,” was it deemed necessary in the very next section to substitute Hhe Circuit Court of the county in which the judgment was rendered9” Or why make two sections, instead of one, unless each was intended to have, in some respect, a different effect? And if so intended, what was the contemplated difference ?
There is not, we think, much difficulty in answering those questions consistently with the deduction we have suggested, and, indeed, in confirmation of it—although we admit that all three of the sections which we have *297 been considering, contain superfluous and inappropriate expressions.
The bill of discovery authorized by sec. 38, may be founded upon a decree, as well as a judgment, though the latter only is expressly named in that section.
The discovery sought by such bill, may fail to show any effects which can bd reached, or it may point out property on which an ex’on on the original judg’t or decree may he levied; and, in either case, there will be no decree; and therefore (it is presumed) the bill is required to be filed in the court in which the judg’t or decree was obtained.—There may be a decree however, in such case, when the discovery is such as to require a decree to make it available.
Though judgments and decrees áre embraced in the 37th section, and judgments only .are mentioned in the 38th section, we can have but little doubt that, considering the two sections together as parts of one whole, decrees as well as judgments should be understood in the 38th as expressed in the 37 th. There could have been no good reason .for restricting the provisions of the 38th section to judgments* And as there would have been no necessity for the 38th and 39th sections, unless they were intended to have some other effect than that contemplated by the 37th section, such ah interpretation should be given as to allow to each an operation specifically different in some particular. And this does not seem to us to be difficult* The 38th and 39th sections were intended to authorize bills of discovery. As, Upon such a bill, when no relief was sought, there could be no. decree, the suit would be terminated by filing a sufficient answer. If the defendant made no discovery, the complainant would fail in his aim. If the defendant discovered property liable to execution, then the complainant would attain his only end, which was to find property on which he might levy his execution to be issued on Ms judgment of decree. And as, in such a state of case, there would be but one judgment or decree, that is,í/¿aí in aid of which the bill of discovery was filed, and as, of course, the execution would be issued on that alone, and the bill, consequently, was purely ancillary, the reason why it should be filed in the Gireuit Gourt of the county in which the judgment or decree had been rendered, is obvious and sufficient. And therefore, intend* ing, for that reason, that it should be there filed, the Legislature said so in direct and explicit terms, and did not leave room for doubt, or question, or accident, as it would have done had it merely said Court or Courts of Equity.
The 38th and 39th sections, also, authorize a decree, upon a bill filed for discovery, whenever a discovery shall be made, and any decree may be deemed necessary and proper to effectuate the ends of justice. This was a matter of course whenever the bill prayed for relief, *298 But it was the discovery only, and not the relief already provided for in the 37th section that was the object of the succeeding sections; and all that .is said in those latter sections about contingent relief, was altogether superfluous for any other purpose than that of preventing the deduction, that a party filing a bill for a discovery might not, if he should find it expedient, obtain relief, as well as the discovery.
Where (he bill is oniy%rforaVdiseovery and relief andd39th seOh must be filed in thecaurtinwhieh the judg’t or dec',ee ví£i renller' ed. Wliere it is for relief (under filedln anmcourt which has jurismatter on^ommon law principIes-.
The object of a decree11 for money,isto subject tablevights to its payment,amiaZso, to obtain a discovery of c/wses in action &v the same purpose. Both objects were properly united in the same bill; & therefore a court which has jurisdiction of either (vide supra,) may take juris-, diction of the whole bill. But if the bill is in the court where the the original decree was rendered, and no discovery is made, the jurisdiction there would fail.
*298 A bill for discovery only, or for discovery and relief /ounded on it, must bo filed in the Circuit Coürt of the county in which the judgment or decree was rendered. hill for relief merely may be filed in any Court which, according to the principles of equitable jurisdiction, shall , ° ,1 c i r i . • have power over the person ot a defendant, or a thing sought to be subjected. ° J
Presuming that the Legislature understood its own objec^s’ ^ad a reasonable motive for the various provisions we have been considering, and was acquainted with the Pr0Per import of words which it has used, we cannot give any other than the foregoing interpretations to the 37th, 38th and 39th sections of the act of 1828. And, whatever may be the fact, it is our judicial duty to presume that the Legislature understood what it said, and had a sufficient and specific motive for all it said in those enactments.
The 38th and 39th sections, therefore, are, riot only consistent with the construction we have given to the 37th section, but are confirmatory of the truth of that interpretation.
And consequently, had the 37th been the only section on this subject, the conclusion would be, not only that the Jefferson Circuit Court had jurisdiction of Honore’s bill, but that the Bullitt Circuit Court would have had no right to have taken cognizance of it without the consent of both parties.
But the bill, not only seeks a decree for subjecting sped-fled rights, according to the provisions of the 37th section, but also prays for a discovery of choses in action,wot specified by the complainant, nor within his knowledge, and for a decree for subjecting them if the discovery should be , . J ° , , ....... J - , made; and this latter part of the bill, it it were the only *299 part, would, according to the provisions of the 38th and 39 th sections, give jurisdiction to the Bullitt Circuit Court.
And therefore, as two distinct matters, each belonging to a different jurisdiction, are joined in the same bill, and were properly so united, either the Circuit Court of Jefferson, or that of Bullitt, might have taken cognizance of the case, as it stands on the bill. But if the answer should make no discovery, that would show that the Jefferson Circuit Court alone has jurisdiction; for it is only for the purpose of discovery, and a decree upon it¡ that the Bullitt Circuit Court could have jurisdiction.
Wherefore, it is decreed and ordered, that the decree of the Chancellor dismissing the bill for want of jurisdiction, be reversed, and the cause remanded for further proceedings.